McPablaud, J.,
delivered tbe opinion of tbe court:
Tbe bill in this ease was filed tbe 29tb of April, 1864, and is an ordinary attachment bill, predicated upon an indebtedness evidenced by notes in wbicb Plumlee was principal and Mabry surety. Attachments were prayed for and obtained against tbe estates of both defendants, upon tbe allegation that Plumlee bad gone beyond tbe limits of tbe state, and that Mabry was about fraudulently to dispose of bis property, bio defense was made by Plum-lee, and a decree was taken against him and sales made of property attached, and tbe proceeds applied to tbe satisfaction of tbe decree, leaving, however, a balance unpaid. Mabry answered, admitting tbe indebtedness, but denied *56 that lie was about fraudulently to dispose of his property, and insisted that as he was only surety, the property of his principal should be first exhausted.
On the 27th of March, 1872, a decree was pronounced, adjudging that as Mabry’s answer denied the causes of attachment alleged against him, and, there being no proof, that the attachment levied upon Mabry’s property should be discharged. Put as Mabry had taken no exception to the jurisdiction, upon the ground that the matter was of legal cognizance, a decree was rendered against Plumlee and Mabry, jointly, for the balance of $3,074.96, and costs, and execution awarded.
Exit the same decree further shows that it being alleged by Mabry that an attachment was issued in the cause on the 11th of February, 1865, to the sheriff of Jefferson county, which was levied upon a house and lot in Dan-dridgc, as the property of Plumlee, and also an attachment to Sevier county, which was levied on a tract of land said to belong to Plumlee, and it being alleged upon the part of complainant, that these latter attachments were issued at the instance of Mabry, and that Plumlee had no title to the property, the master "was ordered to hear proof and report at the next term the facts as to said property, and whether Plumlee had any title thereto, “and that the foregoing decree shall be suspended as to said Mabry, until the coming in of the report.” Prom time to time the master reported that he could not answer the question submitted, for want of testimony and other reasons given, until May term, 1875, when the complainant moved the court to revoke that part of the decree of the 27th of March, 1875, which suspended the decree as to Mabry, and moved, also, that an order be made for a venditioni exponas, to sell the property of Mabry attached for the satisfaction of the decree. This was refused, and the complainant thereupon prosecuted an appeal to this court, which, at the last term, *57 was dismissed, because the decree appealed from was not final.
When the cause went back, the complainant’s solicitor notified the master that he had no interest in the question submitted to him, and would offer no evidence, and urged that a report be made, and finally agreed that he might report, without evidence, that Plumlee had title to the property in question, and the master, 'upon this, so reported. Thereupon, on the 15th of October, 1875, the chancellor pronounced a decree, revoking that part of the dc-.veo rf March, 1872, Avliich suspended the decree as to Mabry, and rendered up a new decree against Plumlee and Mabry for the sum of the former decree and interest, and ordered a sale of the property of Plumlee in Sevier and Jefferson counties, before referred to, to satisfy the decree, but refused to order a sale of the property of Mabry, attached in the case, upon the ground that he had no power to review the decree of March, 1872, discharging the attachment as to Mabry’s property. From this decree the complainant has again appealed.
The first question is, whether the decree of March, 1872, discharging the attachment as to Mabry’s property, can now be reviewed. We think it can. The decree, although rendered in form, at that time was immediately suspended, and remained'suspended until the ‘decree'appealed from in this case, so that in reality there was no decree that could then be appealed from until October, 1875. It was not merely a suspension of execution, but a suspension of the decree as to Mabry — that is, the entire decree, as well the part discharging the attachment as the other part of the decree; but if this were not so, and the part discharging the attachment was not suspended, there could have been no. appeal from a decree in that attitude. Was the decree, then, discharging the attachment as to Mabry’s property, right? We think not. There was no plea, in abatement, *58 and without this, in case of this character, the ground for the attachment could not be- put in issue.
The decree for the sale of the property of Plumlee, in Sevier and Jefferson counties, was correctly ordered to be made before going upon the property of Mabry. This could as well have been made without the report of the clerk as to title as with it, and, as in this instance, certainly it amounts to nothing, and would not be binding. In any event, the cause was properly delayed on this account.
The decree against Plumlee and Mabry will be affirmed, and the property of both defendants held under the attachments, will be sold in satisfaction of the decree, the property of Plumlee to be first exhausted.
Mabry will pay the cost of this court.